IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DONALD MITCHELL JOHNSON *aka Ski Johnson*, <br><br> Defendant. | CR 14–28–BU–DLC <br><br> ORDER |

Before the Court are the government's motions to dismiss the Superseding Information and for a continuance of the trial in this case. Defendant Ski Johnson opposes both motions.

As to first motion, the government has thus far filed an Indictment, a Superseding Indictment, and the aforementioned Superseding Information in this case. The former two pleadings are essentially identical, while the latter pleading significantly limits the extent of the scheme which the government alleges Johnson carried out through his use of the wires between Virginia and Montana. This alleged scheme has been the source of much consternation for the parties, the undersigned, and United States Magistrate Judge Jeremiah C. Lynch, who has

twice found it impossible to accept Johnson's proposed plea change.

Rule 48(a) of the Federal Rules of Criminal Procedure provides that "the government may, with leave of court, dismiss an indictment, information, or complaint." In a criminal case involving successive charging documents, the government may proceed on any pending indictment not formally dismissed, so long as jeopardy has not attached relative to that pleading. *United States v. Hickey*, 580 F.3d 922, 929-930 (9th Cir. 2009). "If the district court finds that the prosecutor is acting in good faith in making its Rule 48(a) motion, it should grant the motion; conversely, Rule 48(a) empowers the district court to exercise its discretion in denying the motion when it specifically determines that the government is operating in bad faith." *United States v. Hayden*, 860 F.2d 1483, 1487 (9th Cir. 1988).

The Court will grant the motion to dismiss the Superseding Information because the pleading remains pending and the motion appears not to be motivated by bad faith. That said, the government's pleadings in this case have done little to advance the ball, and the Court has grown tired of hedging its views on the universe of admissible trial evidence. The Superseding Information is the clearest, most concise statement of the government's view of this case. With it now off the table, Johnson's concerns with the scope of the scheme alleged against him are

rightly at the fore once again. The Court shares these concerns, particularly in light of the government's statement that "[t]he defendant's fraud took place in several states including Washington, Florida, New Jersey, Texas, and Montana." (Doc. 62 at 4.)

This case is about a single fraud evidenced by a single use of the wires between Virginia and Montana in July 2012. No evidence of other frauds executed by other, separate uses of the wires will come in at trial. The government may believe that the scheme Johnson employed in the Montana fraud stretched over a longer period of time and a larger geographic area, but the government will not be permitted to present evidence of any aspect of that scheme consisting of other uses of the wires. Stated another way, the government will not be permitted to prove the scheme underlying the Montana fraud by putting on evidence that Johnson employed the same scheme in another fraud outside of Montana. Furthermore, should the government obtain a conviction in this case, the extent of the Montana fraud will dictate the loss amount for which Johnson will ultimately be held responsible. The Court will not permit an end-run around these limits under the guise of evidence pertaining to Johnson's alleged scheme. The Court cannot make its position on the scope of the trial of this case and associated evidentiary issues any more clear, and to the extent previous orders have served to

confuse the government, or caused the government to engage in wishful thinking, it is hoped that the above statement clears up this confusion.

As to the second motion, the government seeks a six week continuance, but acknowledges that it will need less time to prepare for trial if the Court views the case as limited to "Johnson's scheme to defraud as it occurred only in Montana." (Doc. 65 at 7.) Given the above, the Court finds that six additional weeks is excessive. Nevertheless, on June 11, 2015, the parties advised the Court that thirty days remained on Johnson's speedy trial clock. The government filed the instant motions, which tolled the clock pursuant to 18 U.S.C. § 3161(h)(1)(D), on June 15, 2015. Three weeks have passed since the government filed its motion, and the Court intends to set this matter for trial three weeks from the date of this order. As the combined time periods equals six weeks, there is no need for a separate continuance here.

Accordingly, IT IS ORDERED that the government's motion to dismiss the Superseding Information (Doc. 59) is GRANTED. The Superseding Information (Doc. 44) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the government's motion for continuance (Doc. 61) is DENIED.

IT IS FURTHER ORDERED that the trial in this matter is set for **Monday,**

**July 27, 2015 at 9:00 a.m.** at the Mike Mansfield Federal Courthouse in Butte, Montana. The JERS deadline is set for July 20, 2015, and the jury instructions and trial briefs deadline is set for July 22, 2015.

DATED this 6th day of July, 2015.

_____
Dana L. Christensen, Chief District Judge
United States District Court