IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 14–28–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| DONALD MITCHELL JOHNSON *aka Ski Johnson*, | |
| Defendant. | |

Before the Court is Defendant Ski Johnson's emergency motion to reconsider the Court's July 6, 2015 order dismissing the Superseding Information and alternative motion to continue the trial in this matter, which is scheduled for July 27, 2015.

Defendant's motions highlight the continued struggle in this case over evidence of frauds alleged to have occurred outside of Montana. The government, for its part, appears to have begrudgingly accepted the Court's view of such evidence, and now recognizes that it may only offer other acts evidence at trial under very limited circumstances. Those circumstances include, according to Rule 404(b)(2) of the Federal Rules of Evidence, "proving motive, opportunity, intent,

preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Even if offered for one of these permissible purposes, the government still needs to show that the other acts evidence "(1) tends to prove a material point in issue; (2) is not too remote in time; (3) is proven with evidence sufficient to show that the act was committed; and (4) if admitted to prove intent, is similar to the offense charged," and that the evidence clears the Rule 403 hurdle. *United States v. Beckman*, 298 F.3d 788, 794 (9th Cir. 2002).

The Court is not in a position at this time to rule on whether such other acts evidence is admissible at trial in the government's case in chief – that determination needs to be made in the context of its offering. Nor can the Court categorically exclude such evidence prior to trial, for the same reasons. Given Johnson's apparent intent, based on his trial brief, to focus his defense on the materiality of the statements he made in connection with the alleged Montana fraud, *see United States v. Milovanovic*, 678 F.3d 713, 726-727 (9th Cir. 2012) (en banc), it at least seems unlikely that any of the government's other acts evidence would come in during the Defendant's case in chief. Ultimately, regardless of timing, whether any of the other acts evidence mentioned in the government's trial brief comes in at trial depends on the purpose for which its offered, whether it satisfies the test articulated in *Beckman*, and whether "its probative value is

substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Because these parameters insure a trial on a single wire fraud, and because the Court found no bad faith motivation underlying the government's motion to dismiss the Superseding Information, Defendant's motion to dismiss the Superseding Indictment and reinstate the Superseding Information is denied. The Court remains steadfast that the government will not be permitted to prosecute Johnson for other alleged crimes in this forum.

As to the alternative motion for a continuance, the history of this case belies Defendant's counsel's argument that he is blindsided by the government's proposed Rule 404(b) evidence. The government first provided notice of its intent nearly five months ago in a letter dated March 3, 2015. The letter described a number of frauds allegedly committed by Defendant, including the three acts which, according to the government's trial brief, the government intends to offer at trial now. The Court has consistently indicated in past orders in this case that if evidence of these other alleged frauds comes in at all, it comes in under Rule 404(b). Defendant's counsel cannot claim surprise as to this issue under the circumstances.

Accordingly, IT IS ORDERED that Defendant's emergency motion to reconsider the Court's July 6, 2015 order dismissing the Superseding Information and alternative motion to continue (Doc. 77) is DENIED.

DATED this 23rd day of July, 2015.

*/s/ Dana L. Christensen*
Dana L. Christensen, Chief District Judge
United States District Court