CHAD C. SPRAKER
Assistant U.S. Attorney
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5120
FAX: (406) 457-5130
Email: chad.spraker@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. DONALD MITCHELL JOHNSON, *aka Ski Johnson*, Defendant. | CR 14-28-BU-DLC<br><br>UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL (Doc. 101) |
|---|---|

A jury convicted defendant Donald Mitchell Johnson of Wire Fraud in violation of 18 U.S.C. § 1343. He now moves the Court for a judgment of acquittal. (Doc. 101.) Johnson's motion should be denied. The evidence presented at trial demonstrated that Johnson made

1

material false statements in a scheme to defraud Big Brothers Big Sisters of Gallatin County of money and property.

## PROCECURAL BACKGROUND

Johnson proceeded to trial on July 27, 2015. He moved for a judgment of acquittal both at the end of the United States' case-in-chief and its rebuttal case. Both motions were denied. (Doc. 93.) The jury convicted Johnson on July 28, 2015. *Id.* Johnson now renews his motion for a judgment for acquittal. (Doc. 101.)

## ARGUMENT

To resolve a Rule 29 motion, the Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). Wire fraud requires the government to prove (1) a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises; (2) use of wires to further the fraudulent scheme, and (3) specific intent to defraud. *See* 18 U.S.C. § 1343; *United States v. French*, 748 F.3d 922, 935 (9th Cir. 2014).

2

Further, a defendant's false statements must be material; that is, they must have a natural tendency to influence, or be capable of influencing, a person to part with money or property. *See Neder v. United States*, 527 U.S. 1, 16, 20 (1999).

In the present case, a rational jury was presented with sufficient evidence to convict Johnson. In particular, Barb Rooney and Anna Reardon testified that Johnson, using his name or an alias, claimed that he was a Grammy-nominated artist representing a children's cancer charity. Johnson was not a Grammy-nominated artist, and he used Jazz for Life funds for his personal expenses. Johnson also falsely represented to Rooney that he is a representative of Sony. A rational jury could have concluded that Johnson's statements were false and had a natural tendency to influence, or were capable of influencing, a person to part with money or property.

On July 17, 2012, Anna Reardon sent an email to Johnson's associate asking for a mailing address to send proceeds from the sale of Grammy tickets, which are not authorized for resale. Later that day, Johnson, using the alias Kevin Wright, wrote back and provided

3

Johnson's home address.  The email was routed through AOL's server in Dulles, Virginia.

## CONCLUSION

The United States respectfully requests that Johnson's motion for a judgment of acquittal be denied.

Respectfully submitted this 17th day of August, 2015.

>MICHAEL W. COTTER
>United States Attorney
>
>
>*/s/ Chad C. Spraker*
>Assistant U.S. Attorney
>Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE

Pursuant to D. Mont. LR 7.1(d)(2) and CR 12.1(e), this Response is proportionately spaced, has a typeface of 14 points or more, and the body contains 457 words.

>*/s/Chad C. Spraker*
>Assistant U.S. Attorney
>Attorney for United States