Michael Donahoe
Senior Litigator
FEDERAL DEFENDERS OF MONTANA
50 West 14th Street, Suite 300
Helena, MT 59601
(406) 449-8381
(406) 449-5651(Facsimile)
Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>DONALD MITCHELL JOHNSON,<br>Defendant. | CR 14-28-BU-DLC<br><br>**SENTENCING MEMORANDUM** |

# **INTRODUCTION**

COMES NOW defendant Donald Mitchell Johnson through his undersigned counsel and offers the following memorandum in aid of sentencing currently set down before the Court for Thursday, November 12, 2015 in Missoula at 10:30 a.m.

# PRESENTENCE REPORT (PSR) OBJECTIONS

Counsel has reviewed the Presentence Report (PSR) and the defendant has reviewed it as well. There is one outstanding objection to it. (*See* PSR, *Addendum*).

Defendant's objection involves victim impact statements and loss amounts, and the two point enhancement for 10 or more victims. Mr. Johnson was convicted of a single count of wire fraud involving the Big Brothers and Big Sisters (BBBS) organization in Montana. Because the money received from this benefit ($6,000.00) was given back to the high bidder on the Grammy tickets there is no loss there. Also, defendant played music without fee, so plane fare, etc. is a wash there and reasonably represents an in-kind exchange.

Furthermore, the Court in an Order dated July 6, 2015 (ECF No. 67) stated the loss amount can only be calculated as follows:

> This case is about a single fraud evidenced by a single use of the wires between Virginia and Montana in July 2012. No evidence of other frauds executed by other, separate uses of the wires will come in at trial. The government may believe that the scheme Johnson employed in the Montana fraud stretched over a longer period of time and a larger geographic area, but the government will not be permitted to present evidence of any aspect of that scheme consisting of other uses of the wires. Stated another way, the government will not be permitted to prove the scheme underlying the Montana fraud by putting on evidence that Johnson employed the same scheme in another fraud outside of Montana. *Furthermore, should the government obtain a conviction in this case, the extent of the Montana fraud will dictate the loss amount for which Johnson will ultimately be held responsible. The Court will not permit an end-run around these limits under the guise of evidence*

*pertaining to Johnson's alleged scheme. The Court cannot make its position on the scope of the trial of this case and associated evidentiary issues any more clear, and to the extent previous orders have served to confuse the government, or caused the government to engage in wishful thinking, it is hoped that the above statement clears up this confusion.*

ECF No. 67 (Emphasis added)

## 18 U.S.C. §3353(a) FACTORS

The relevant sentencing factors are set forth in 18 U.S.C. §3553(a)(2), which we address briefly:

(1) *Nature and Circumstances of the Offense*

Defendant stands convicted of a single count of wire fraud in violation of 18 U.S.C. §1343. At trial the evidence showed that defendant played at a fund raising event at Big Sky Resort for Montana BBBS. He pledged Grammy tickets for auction and at the auction the tickets fetched a high bid of $6,000.00. However, for reasons not clarified during trial the $6,000.00 was returned to the high bidder and Mr. Johnson was not obliged to supply the Grammy tickets. Moreover, defendant played the BBBS event for free but BBS did furnish defendant's air fare, rental car, hotel, and meals.

(2) *History and Characteristics of the Defendant*.

Defendant is a 48 year old man who has worked primarily (and successfully) as a musician since January 1, 1982. Defendant has donated his time and talents often for fund-raising efforts. (*See* a sampling of letters marked and attached here as

Exhibit A consisting of six (6) pages.

(3)  *Seriousness of the Offense*.

Recognizing that any violation of the law is serious to some degree this one nevertheless rates as less serious on the seriousness scale. First the trial proof seemed to stress that defendant unfairly characterized himself as Grammy "nominated." Yet by its policies and procedures the Recording Academy invited confusion over the distinction between being Grammy "considered" and being Grammy "nominated." For example in prior years defendant, as a voting member of the Academy, would receive a "Nominating Ballot." (*See* attached Exhibit B). Yet this year he received a "Grammy Awards Voting Ballot." (*See* attached Exhibit C). During the time period alleged in the Indictment defendant had submitted content (music) to the Academy and considered himself "nominated" for that reason. There was nothing sinister about that conclusion. Also, insofar as the Grammy tickets are concerned in this case BBBS gave the $6,000.00 back but defendant stood ready to take the high bidder to the Awards and secure his entry to the Grammy Awards.

(4)  *Deterrence and Protection of the Public*.

The defense agrees that there is a need here for both specific and general deterrence, as well as protection of the public. However, Johnson respectfully submits that these goals can be achieved by a probation type of sentence.

(5) *Promotion of Respect for the Law*.

Johnson has gained a new respect for the law and appreciates that a probation type sentence would represent leniency on the Court's part.

(6) *Need to Provide Defendant With Education, Training, Medical Care or Other Correctional Treatment.*

This factor does not appear to be relevant here. *See Tapia v. United States*, 131 S.Ct. 2382 (June 16, 2011).

(7) *The Applicable Guidelines*.

Defendant requests that the Court calculate his Guideline range after considering and resolving his objection set forth above.

## **CONCLUSION**

WHEREFORE, defendant prays the Court will consider this memorandum and use the things in it in aid of sentencing.

Respectfully Submitted November 2, 2015.

      /s/ Michael Donahoe
    MICHAEL DONAHOE
    Senior Litigator
    Attorney for Defendant

# CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on November 2, 2015, a copy of the foregoing document was served on the following persons by the following means:

__1__      CM-ECF

_____      Mail

1. CLERK, UNITED STATES DISTRICT COURT


1. Chad C. Spraker
   Assistant U.S. Attorney
   901 Front Street, Suite 1100
   Helena, MT 59626
       Counsel for the United States of America

2. Ashley Hunter
   United States Probation Officer
   201 East Broadway Street, Lower Level
   Missoula, MT 59802


          /s/ Michael Donahoe
          MICHAEL DONAHOE
          Senior Litigator
          Counsel for Defendant